**Geraldine SYKES**

v.

**Harold BROWN, Gerald J. Post and Emmett W. Bowers.**

**Civ. A. No. 80–1177.**

United States District Court,
E. D. Pennsylvania.

March 26, 1981.

Harry D. Shargel, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Rachel Shao, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion of defendants for a protective order vacating the notice of deposition of defendant Gerald J. Post ("Post"). For the reasons stated below, the motion will be granted.

In this action, plaintiff Geraldine Sykes, a former employee in the Defense Personnel Support Center ("DPSC") of the Defense Logistics Agency, alleges that she was denied a promotion because of her race and sex and seeks a retroactive promotion and back pay. Prior to bringing this action, however, plaintiff contested her denial within the agency. As a result of the ensuing investigation, Post, the Director of the Defense Logistics Agency, concluded that plaintiff had been discriminated against and ordered that plaintiff's record be adjusted accordingly. This adjustment was not enough, however, to make plaintiff eligible for consideration for the promotion.[1] The within civil action followed.

■ Turning to the defendants' motion, the Court first notes that heads of Government agencies are not normally subject to deposition. *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). This blanket statement is rooted in sound policy. Persons in such positions routinely make administrative decisions in the exercise of their discretionary powers, which may affect many. Lawsuits often follow. Should the agency head be subject to deposition in every resulting case and be repeatedly required to explain the various mental steps he took to reach his decision, the decision may be his last. Therefore, before a party may take the deposition of an agency head, the party must at least show that the agency head possesses particular information necessary to the development or maintenance of the party's case

which cannot reasonably be obtained by another discovery mechanism.

■ In her answer to defendants' motion, plaintiff contends that she "has reason to believe that DPSC has furnished Defendant Post with misinformation and concealed other information ... Plaintiff seeks to determine what effect this concealment and misinformation had on Defendant Post's decision." Memorandum in Opposition to Defendant's Motion for a Protective Order ("Plaintiff's Memorandum"), at 1. Plaintiff makes no attempt, however, to show the Court the information concealed or the misinformation conveyed. In the absence of some preliminary showing that the information furnished Post was incorrect or incomplete, the Court will not deny the defendants' motion for a protective order.

Even if such a showing were made, however, the deposition may not be permitted to proceed. Plaintiff has not shown, nor is the record clear, that Post's subjective impressions are necessary for determining whether plaintiff was entitled to a promotion. If the point system by which promotions are determined is entirely objective, the Court may be able to accord complete relief without requiring examination of Post. On the other hand, if the points merely reflect subjective evaluations of a candidate's performance, testimony from agency personnel such as Post may be necessary. The present record is simply unclear on this point, and plaintiff has not attempted to clarify it.

■ Plaintiff also urges this Court to permit the deposition so that plaintiff may thereby seek "information relative to the proper interpretation of the rating and ranking regulations issued by the Defendant Post in his official capacity and the proper application of said regulations to the facts of this case." Plaintiff's Memorandum, at 1. However, even if the Court were to consider Post's subjective intentions in promulgating the rating regulations as evidence of their proper interpretation, the

1. The Court described the promotional system at greater length in its Order of January 16, 1981, by which the Court denied cross motions for summary judgment.

Court would not countenance the deposition of an agency head regarding that interpretation unless some showing were made that there is an ambiguity in the regulations which is not explained by the administrative record. Plaintiff has made no such showing.

Plaintiff is, of course, free to seek through other discovery channels the information she sought to obtain in the deposition of Post. Additionally, the Court will grant leave to the plaintiff to move to vacate the protective order; however, such a motion will not be granted unless plaintiff first shows how the information furnished Post was incorrect or incomplete, and how Post's subjective evaluation of the information is involved in determining whether plaintiff would have been promoted.[2] On the present record, however, defendants' motion for a protective order must be granted. An appropriate Order will be entered.

---

2. The Court need not now decide, of course, whether other factors may also be important in deciding whether to permit the deposition of Post to go forward.