**AMERICAN BROADCASTING COMPANIES, INC., et al., Plaintiffs,**

v.

**UNITED STATES INFORMATION AGENCY, et al., Defendants.**

**No. 84–536.**

United States District Court, District of Columbia.

Dec. 17, 1984.

Barry R. Goldsmith, Washington, D.C., for plaintiffs.

Barbara L. Gordon, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

The plaintiffs, American Broadcasting Companies, Inc., et al., ("ABC") filed this action on February 21, 1984, under the Freedom of Information Act, 5 U.S.C. § 552, as amended. Plaintiffs seek access to two groups of tape recordings, transcripts, and notes made by, or at the direction of, the defendant United States Information Agency ("USIA") Director, Charles Z. Wick. On January 31, 1984, the defendant agency denied plaintiffs' FOIA request as to both groups of documents. As to the first group of documents, initially, USIA relied upon only one justification for its denial of the plaintiffs' request, "that the documents in question are not 'agency records,' rather, they are 'personal papers' of the Director; and thus, do not fall within the purview of FOIA."

Three months later, defendants indicated, for the first time, their intention to rely upon other, yet to be named, exemptions, in the event that the 'personal papers' defense fails. On May 1, 1984, the defendants filed a motion for partial summary judgment on the "agency records" issue.

This matter is now before the Court on plaintiffs' motion to compel a Vaughn index, plaintiffs' motion for a continuance and to take five depositions, and plaintiffs' motion for a status conference. The Court will examine each of these motions in turn.

### I

Plaintiffs move that this Court order the defendants to provide an appropriate Vaughn Index and itemization that specifies, with reference to particular documents, all of the exemptions which the government intends to claim. Citing *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct.

1564, 39 L.Ed.2d 873 (1974), plaintiffs urge that as the "requester of documents" they are entitled to know which exemptions the defendants intend to rely upon. Plaintiffs contend that a Vaughn index is necessary, in order to permit ABC to respond effectively to the government's refusal to make the documents available.

Courts have consistently recognized that "[a] Vaughn index is critical to the effective enforcement of FOIA litigation." *Founding Church of Scientology, et al. v. Bell,* 603 F.2d 945, 947 (D.C.Cir.1979). "Without such an index, neither the reviewing courts nor the individuals seeking agency records can evaluate the agency's basis for non-disclosure." *Cuneo v. Schlesinger,* 484 F.2d 1086, 1091 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

The defendants argue that the plaintiffs' request for a Vaughn index, at this stage of the litigation, is inappropriate and premature. Defendants contend that it makes sense to first resolve the agency's "threshold jurisdictional" defense, in advance of reviewing the defendants' proposed claims of exemptions under FOIA. USIA contends that "if the documents are not agency records, the plaintiffs have no right to them under FOIA or any other federal statute;" thus, the preparation of a Vaughn index would constitute an unnecessary waste of time and resources.

Plaintiffs counter with an argument that the defendants' proposal to assert its claims *seriatim* is contrary to the Act, and would serve only to delay the plaintiffs' access to the materials in issue.[1] Plaintiffs urge that such a piecemeal approach would not only significantly jeopardize the plaintiffs' journalistic interests; but would also enable the government to postpone the supplying of plaintiffs with the appropriate Vaughn index for an additional several months.

■ It is well-established law that "the FOIA mandates that all such litigation be speedily pursued and resolved." *Long v. Bureau of Economic Analysis,* 646 F.2d 1310, 1322 (9th Cir.1981), *vacated on other grounds,* 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981). Courts have consistently held that "[d]elay by the defendant in raising defenses should be particularly disfavored." *Id.* The government should not be permitted to assert its theories *seriatim* absent the most compelling circumstances, as the interests of judicial economy and finality militate against a court's tolerating a piecemeal approach. *Holy Spirit Association for the Unification of World Christianity v. Central Intelligence Agency,* 636 F.2d 838, 846 (D.C.Cir.1980). Accordingly, courts have directed that agencies not be permitted to make new exemption claims to a district court after the judge has ruled in the other party's favor. *Id.*

The plaintiffs place great reliance upon *Ryan v. Department of Justice,* 617 F.2d 781, 792 (D.C.Cir.1980). The *Ryan* court warned of the dangers of permitting the government to raise its FOIA exemption claims one at a time, at different stages of the district court proceedings. It follows that courts have frequently held that the failure to raise a specific exemption in the district court will preclude consideration of the exemption on appeal. *Jordan v. U.S. Department of Justice,* 591 F.2d 753, 779 (D.C.Cir.1978). "All such claims should be raised at the district court level, as the government will not be permitted to try its theories *seriatim* absent extraordinary circumstances." *Ryan, supra,* 617 F.2d at 792.

The defendants next argue that the cases which plaintiffs cite are inapposite, as they represent cases in which courts have refused to permit the assertion of additional FOIA exemptions, at later stages of the

---

1. Under the defendants' proposed plan, the government could not be ordered to produce the requested documents until after they lost on their threshold "personal papers" defense, after they commenced and completed their processing of the withheld documents for other exemptions that the defendants have acknowledged that they will claim, and until after the parties brief and argue, and the Court rules upon, dispositive motions on the other yet unnamed exemptions.

proceedings, after an initial exemption has been raised and ruled upon. Defendants contend that its initial "non-agency records" defense is not an "exemption," rather it should be distinguished as a "threshold jurisdictional defense," and therefore justifies their delay in raising alternative exemptions under FOIA. USIA maintains that if the "jurisdictional" defense is rejected; they will proceed to assert all FOIA exemptions at once, and not *seriatim.*

However, as the plaintiffs point out, the defendants' argument ultimately turns upon a mere question of semantics. Defendants have cited no cases where a court has recognized a distinction between "exemptions" and "threshold jurisdictional" defenses. Moreover, the case law sets forth a policy requiring simultaneous presentation of FOIA exemptions in the district court. It makes sense that government agencies involved in FOIA litigation should be prepared to raise all claims under the FOIA, and in the alternative, at the initial stages of the proceedings, so that the plaintiff may respond, and the court rule, in the most expeditious manner.

The plaintiffs are at a disadvantage in having to litigate over documents which they have never seen (the very disadvantage for which the Vaughn index was designed to remedy). If the defendants' initial defense is rejected; their proposed piecemeal approach would result in the need to interrupt the litigation, while the agency prepares a Vaughn index for the documents.

█ In light of the well-established policy requiring the expeditious resolution of FOIA actions, the defendants' failure to present persuasive authority in support of their "semantic distinction" argument, and the defendants' failure to articulate the requisite "compelling" or "extraordinary" circumstances which would justify their proposed piecemeal approach; the Court grants the plaintiffs' motion for a Vaughn index. The defendants must provide plain-

tiffs with the Vaughn index no later than December 17, 1984.

## II

Pursuant to the Federal Rule of Civil Procedure 56(f), ABC also moves the Court for an order continuing the defendants' pending motion for partial summary judgment, to permit plaintiffs to take depositions of five USIA employees.[2] ABC asserts that the depositions of these five USIA employees are necessary to enable plaintiffs to present the facts essential to justify their opposition to the motion.

Courts in this Circuit have stressed the importance of permitting FOIA plaintiffs to take depositions under Rule 56(f) where the relevant factors are in the control of the moving party and the affidavits are inaccurate or incomplete. *Londrigan v. Federal Bureau of Investigation,* 670 F.2d 1164 (D.C.Cir.1981); *Shaffer v. Kissinger,* 505 F.2d 389 (D.C.Cir.1974) (per curiam). Plaintiffs cite substantial authority supporting the proposition that "Rule 56(f) motions should be liberally granted ... especially where all of the allegedly material facts are within the exclusive knowledge of the opposing party." *Ward v. U.S.,* 471 F.2d 667, 670 (3d Cir.1973). "Rule 56(f) contemplates those situations in which additional discovery is needed to justify opposition to the motion for summary judgment; where the facts are in possession of the moving party, a continuance of the motion for discovery should be granted almost as a matter of course." *Costlow v. U.S.,* 552 F.2d 560, 564 (3d Cir.1977).

Plaintiffs assert, by affidavit, that additional discovery is needed in order to justify their opposition to the pending motion for partial summary judgment. Contending that the *ex parte* declarations of Mr. Wick, Mr. Earle, Mr. Vesper, and Ms. Siemien present incomplete and inconsistent versions of essential facts, plaintiffs maintain that the requested discovery is necessary to fully explore these discrepancies and to

---

**2.** On April 4, 1984, the Court entered an Order staying all discovery ... without prejudice to plaintiffs seeking discovery at a later date, or pursuant to a Rule 56(f) motion.

provide important evidence that is missing from these declarations, and in the exclusive control of the defendants.

The defendants first argue that the plaintiffs have failed to meet their burden of proof as "plaintiffs have presented only a bare hope of falling upon something that might impugn the government's affidavits." The defendants maintain that the plaintiffs should not be allowed "to conduct such a fishing expedition."

The Court finds the defendants' burden of proof argument unpersuasive. Wright's *Federal Practice & Procedure* summarizes the case law on this issue:

Under rule 56(f) the adversary need not even present the proof creating the minimal doubt on the issue of fact which entitles him to a full trial; it is enough if he shows the circumstances which hamstring him in presenting that proof by affidavit in opposition to the motion. 10A Wright, Miller & Kane, *Federal Practice and Procedure*, Civil § 2740 at 520 (2d ed. 1983).

In an alternative argument, in the event that the Court finds that discovery is appropriate under Rule 56(f), defendants contend that a number of limitations should be placed upon the plaintiffs' discovery. Specifically, the defendants maintain that: (1) Discovery should be limited to those specific issues of material fact raised in the Goldsmith affidavit; (2) Discovery by deposition is inappropriate—interrogatories should be used; (3) Discovery of Mr. Wick should be prohibited, but if allowed, should be limited to one hour; and (4) Plaintiffs have not set forth sufficient reasons to justify taking the depositions of Mark Everson and Peggy Pape.

Again, the Court finds that the defendants' arguments are without merit. The restrictions suggested by defendants would serve only to frustrate any meaningful discovery on the plaintiffs' behalf. Depositions are the most efficient means of discovery for the plaintiffs in the context of the instant case. Moreover, depositions are the preferred means of discovery in the Rule 56(f) context. "Because the exigencies of time are paramount; discovery [under Rule 56(f)] through the use of depositions is appropriate." *Murphy v. Federal Bureau of Investigation*, 490 F.Supp. 1134, 1138 (D.D.C.1980). Depositions are also more reliable, as they are taken under oath, and the deponents' responses are relatively spontaneous.

Defendants assert, that as a general rule, heads of government agencies should not be subject to deposition. However, the Court finds that the unique circumstances of this action, distinguish this case, and justify the Court's decision that the deposition of Mr. Wick be allowed. Mr. Wick is the sole person responsible for the creation of the documents in question. He contrived the procedures implemented for the development, maintenance, and distribution of the transcripts at issue. Moreover, the plaintiffs are not seeking to depose Mr. Wick regarding why his or his agency's statutory discretion was exercised in a particular manner; neither are plaintiffs interested in Mr. Wick's "deliberative thought processes." Plaintiffs simply seek to question Mr. Wick with respect to facts that only he can answer. Mr. Wick is a crucial fact witness whose testimony is essential for the plaintiffs to oppose defendants' motion. "Where an agency head possesses particular information necessary to the development or maintenance of the party's case, which cannot be reasonably obtained by another discovery mechanism; the deposition should be allowed to proceed." *See Sykes v. Brown*, 90 F.R.D. 77, 78 (E.D.Pa.1981). The defendants' alternative proposal, that the deposition of Mr. Wick should be limited to one hour, would seriously frustrate the plaintiffs' ability to meaningfully examine Mr. Wick regarding all of the essential facts addressed in his 24 page declaration, as well as the circumstances surrounding the computerization of portions of the materials in question.

The plaintiffs have set forth sufficient reasons to justify their need to depose Peggy Pape and Mark Everson. ABC believes that both individuals may have been

substantially involved in the distribution or the computerization of the transcripts.

The plaintiffs contend that "the Agency wants to maintain a monopoly on the sources of proof, and insulate the persons most knowledgeable about the events ... limiting the presentation of facts to only those facts which the Agency desires to disclose." This is the very situation in which a Rule 56(f) continuance for additional discovery is most appropriate. For the reasons set forth above, the Court grants the plaintiffs' motion for a continuance to permit the depositions of the five employees. The Court rejects the defendants' proposed discovery restrictions. The defendants have failed to present a persuasive argument which would justify the imposition of these discovery limitations which would seriously hamper the plaintiffs' discovery of facts.

### III

Finally, the plaintiffs' motion for a status conference was motivated largely by their desire to facilitate resolution of the two pending motions. As these matters have been resolved, the Court finds no need for a status conference at this time. Accordingly, the motion for status conference is denied.

An appropriate Order has been entered.