**Gerald S. ARENBERG,**
**Plaintiff–Appellant,**

v.

**DRUG ENFORCEMENT ADMINISTRA-**
**TION, Defendant–Appellee.**

No. 87–5950.

United States Court of Appeals,
Eleventh Circuit.

July 14, 1988.

William R. Amlong, Amlong & Amlong, Fort Lauderdale, Fla., for plaintiff-appellant.

Dexter W. Lehtinen, U.S. Atty., Suzan Hill Ponzoli, Linda C. Hertz, and David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for defendant-appellee.

Before RONEY, Chief Judge, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Gerald S. Arenberg brought this action pursuant to the Freedom of Information Act, 5 U.S.C.A. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C.A. § 552a, in order to compel the Drug Enforcement Administration ("DEA") to produce certain documents. The defendant moved for summary judgment asserting that the documents were exempt from disclosure. The plaintiff cross-moved for summary judgment claiming that the DEA failed to meet the exemption requirements, and disclosure is therefore required. The district court granted summary judgment for defendant. We affirm.

■ The DEA produced three, one-page, documents for the court's *in camera* examination pursuant to *Ely v. F.B.I.*, 781 F.2d 1487, 1492 (11th Cir.1986). After examination, the district court held that the documents were exempt from disclosure under 5 U.S.C.A. § 552(b). These documents were examined by this Court *in camera.*

The FOIA is based on a policy of broad release of Government documents. *Department of Air Force v. Rose*, 425 U.S. 352, 360–61, 96 S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976). The FOIA contains exemptions from disclosure, however, which are meant to protect private and governmental interests. *F.B.I. v. Abramson*, 456 U.S. 615, 621, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982). There are precise exemptions for investigating records compiled for law enforcement purposes. 5 U.S.C.A. § 552(b)(7).

Plaintiff argues that the DEA failed to demonstrate that the withheld information was compiled for a law enforcement purpose. The district court stated that the Eleventh Circuit has not ruled on what must be established in order to meet this threshold requirement, pointing out that other circuit courts are in disagreement, articulating either a *per se* test, *see, e.g., Williams v. F.B.I.*, 730 F.2d 882, 886 (2d Cir.1984) (F.B.I. investigation records meet the threshold requirement *per se* ); *Kuehnert v. F.B.I.*, 620 F.2d 662, 666–67 (8th Cir.1980) (investigation records of a criminal law enforcement agency meet the

threshold requirement *per se* ), or a two-pronged threshold test. *Pratt v. Webster*, 673 F.2d 408, 420–21 (D.C.Cir.1982).

The D.C. Circuit created a two-prong standard for the threshold requirement which is instructive:

First, the agency's investigatory activities that give rise to the documents sought must be related to the enforcement of federal laws or to the maintenance of national security....

Second, the nexus between the investigation and one of the agency's law enforcement duties must be based on information sufficient to support at least "a 'colorable claim' " of its rationality.

*Pratt,* 673 F.2d at 420–21. We need not distinguish between these two tests or adopt either one. As did the district court, we believe that DEA has fully met its burden under either the *per se* test or the two-pronged standard enunciated in *Pratt.*

 DEA is a law enforcement agency. The records reveal that they were generated through a criminal investigation. The DEA identified a particular individual and incident as the object of an inquiry. The reported activities could have presented a violation of federal law or an interference with United States policy in an area where the DEA has a substantial enforcement interest. The information gathered by the agency need not lead to a criminal prosecution in order to meet the threshold requirement. Courts should be hesitant to reexamine a law enforcement agency's decision to investigate if there is a plausible basis for the agency's decision.

 Because the initial requirement that the material was gathered for law enforcement purposes was met here, the district court properly examined the material to find that the specific provisions of section 552(b)(7)(C), (D) and (F) exempted the material from production under the FOIA.

A review of the sealed documents by this Court reveals that they are investigatory records compiled for law enforcement purposes which, if produced, would:

1. "constitute an unwarranted invasion of personal privacy," 5 U.S.C.A. § 552(b)(7)(C), and;

2. "disclose the identity of a confidential source," or disclose information furnished by a confidential source, 5 U.S.C.A. § 552(b)(7)(D), and;

3. "endanger the life or physical safety" of an individual. 5 U.S.C.A. § 552(b)(7)(F).

We recognize the difficult position of a plaintiff in this kind of case. Only Government employees and the judges who examine the material know whether it meets the exemption standard. It is quite clear, however, that Congress did not intend to jeopardize law enforcement activities by the Freedom of Information Act. The *in camera* procedure is the only method presently available to assure that the proper balance is struck.

AFFIRMED.