**CHURCH OF SCIENTOLOGY OF BOSTON, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 90–11069–N.**

United States District Court, D. Massachusetts.

Nov. 16, 1990.

Earle C. Cooley Cooley, Manion, Moore & Jones, Boston, Mass., Laurie Bartilson Bowles & Moxon, Hollywood, Cal., for plaintiff.

Michael J. Martinean U.S. Dept. of Justice, Tax Div., Harry J. Giacometti U.S. Dept. of Justice, Washington, D.C., George Bunsen Henderson U.S. Atty's. Office Boston, Mass., for defendant.

ORDER RE: MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH DEPOSITION SUBPOENA (DOCKET ENTRY # 16)

MARIANNE B. BOWLER, United States Magistrate Judge.

Defendant filed a Motion for Protective Order and/or to Quash Deposition Subpoena on July 24, 1990. (Docket Entry # 16). This court held a hearing pursuant to defendant's motion on October 1, 1990. Defendant requests this court to enter a protective order and/or an order quashing the deposition subpoena of Marcus S. Owens

("Mr. Owens"), the Director of Exempt Organizations Technical Division, National Office, Internal Revenue Service ("I.R.S."). The defendant asserts the following grounds in support of its motion: (1) Mr. Owens has no relevant or admissible information; (2) the discovery sought exceeds the bounds permissible in a Freedom of Information Act ("FOIA") case; and (3) the discovery is burdensome and oppressive to the defendant. (Docket Entry # 16, p. 1).

The plaintiff, on the contrary, asserts that Mr. Owens does possess relevant information and that the proposed discovery does not exceed the bounds of that permitted under the FOIA. (Docket Entry # 17).

## BACKGROUND

Plaintiff filed this action on April 27, 1990, to obtain the release of records allegedly withheld pursuant to a request under the FOIA made by the plaintiff to the Boston District of the I.R.S. on October 2, 1989 for records relating to the plaintiff. (Docket Entry # 17, p. 3 and # 1). A conference was held by Judge Nelson on July 16, 1990, at which time the court ordered the defendant to produce a *Vaughn* index describing the documents withheld by the I.R.S. The court also ordered a stay of discovery pending the submission of the *Vaughn* index with the exception of the deposition in question and a Rule 30(b)(6) deposition of the defendant. (Docket Entry # 17, p. 6). Counsel for the defendant then refused to allow the deposition of Mr. Owens to proceed and pursued the motion in question.

## DISCUSSION

■ It is clear that a court that issues a subpoena has the inherent power to vacate it. *United States v. International Business Machines Corp.*, 406 F.Supp. 175 (S.D.N.Y.1975). "The basis for excusal from the duty to appear and give oral testimony is severely restricted, however, and decisions quashing subpoenas ad testificandum are accordingly rare." 5A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 45.05[3] (1990); *see Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421 (1st Cir.1961) (until witness appears there is no guide to his testimony).

■ Defendant's request for a protective order is governed by Fed.R.Civ.P. 26(c) which provides in pertinent part:

Upon motion by a party ... and for good cause shown, the court ... may make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions ... (4) that certain matters not be inquired into.

*Id.* The party seeking a protective order has the burden of showing the existence of good cause for the issuance of a protective order. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 778 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989).

This court now turns to a consideration of the particular grounds asserted by the defendant in support of its motion.

### A. *Relevance*

"Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D.Mass.1984) (quoting *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 138 (W.D.Okla.1977)). Mr. Owens alleges that he has no personal knowledge of the FOIA request or appeal submitted by the plaintiff. He further alleges that he has no personal knowledge of the documents provided to or withheld from the plaintiff in response to the above mentioned request and appeal and that he has no personal knowledge of the FOIA exemptions asserted by the I.R.S. in withholding the documents. (Declaration of Marcus Owens, Docket Entry # 16). Mr. Owens was, however, apparently involved in critical events concerning the validity of the FOIA exemptions claimed by the I.R.S. Mr. Owens ordered that a conference be held in October of 1988 which subsequently

resulted in the "examination" of the plaintiff and the issuance of a summons by the I.R.S. and ensuing litigation to enforce the summons. *United States v. Church of Scientology of Boston,* 739 F.Supp. 46 (D.Mass.1990). It appears from this information that Mr. Owens likely possesses information regarding the scope of the documents requested by the plaintiff. Such information is relevant for the purposes of discovery.

B. *Permissibility of discovery of the Information Sought Pursuant to the FOIA*

Plaintiff seeks the testimony of Mr. Owens to obtain evidence regarding "the scope of records at issue and his knowledge of the factual basis for defendant's claims for exemption of the records at issue in this case." (Docket Entry # 9, ¶ 3). Plaintiff claims, in support of the deposition, that discovery under the FOIA is available to determine "whether withheld documents are exempt from disclosure." (Docket Entry # 18, p. 9). Discovery, however, is often limited to a determination of whether complete disclosure has been made, for example, whether a thorough search for the documents has occurred. *Founding Church of Scientology of Washington, D.C., Inc. v. National Security Agency,* 610 F.2d 824, 832–34 (D.C.Cir.1979); *Exxon Corp. v. Federal Trade Comm'n,* 466 F.Supp. 1088, 1092–96 (D.C.D.C.1978).

■ In the present action, the IRS is claiming that the documents in question are exempt because they were compiled for "legitimate law enforcement purposes."[1] Judicial consideration of exemption seven requires a two-part inquiry: (1) the requested information must be demonstrated to have been compiled for law enforcement purposes; (2) the agency must show that release of the material will result in one of the harms specified in the statute. *Federal Bureau of Investigation v. Abramson,* 456 U.S. 615, 622, 102 S.Ct. 2054, 2059–60, 72 L.Ed.2d 376 (1982). Initially, in asserting the "exemption 7" justification for nondisclosure, the IRS bears the burden of passing this threshold test as to whether the information was actually compiled for a legitimate law enforcement purpose. *Id.; see Pratt v. Webster,* 673 F.2d 408, 421 (D.C.Cir.1982) (discussing application of exemption 7); *Freeman v. Department of Justice,* 723 F.Supp. 1115, 1122 (D.Md.1988) (applying exemption 7); *Arenberg v. Drug Enforcement Administration,* 849 F.2d 579, 580–81 (11th Cir.1988) (discussing justifications for exemption); *Dunaway v. Webster,* 519 F.Supp. 1059, 1075–82 (N.D.Cal.1981) (reviewing exemption 7); *see generally Weisberg v. Department of Justice,* 627 F.2d 365 (D.C.Cir.1980) (discussing thoroughness of search to demonstrate documents properly exempted); *Schaffer v. Kissinger,* 505 F.2d 389 (D.C.Cir.1974) (burden on government agency to demonstrate documents properly exempted). *Contra King v. Department of Justice,* 830 F.2d 210, 231 (D.C.Cir.1987) (if agency claims law enforcement exception, seeking party has burden to prove investigation was mere pretext).

■ Based on the majority of the relevant precedent cited above and the facts of the present case, this court does not find that the IRS has met that threshold test in the case at hand. Moreover, Judge Tauro, in the underlying action by the IRS, found that "the IRS has failed to show a legitimate purpose for its tax inquiry." *See* Order and Memorandum of U.S. District Court Judge Tauro, *United States v. Church of Scientology of Boston, Inc.,* 739

---

1. 5 U.S.C. § 552(b)(7) ("exemption 7") creates the following exemption:

   investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel *Id.*

F.Supp. 46, 50 (D.Mass.1990) (Docket Entry # 17, Exhibit B) (denying government's petition to enforce IRS summons). Accordingly, the Church of Scientology has a right of discovery in this matter. The plaintiff is, therefore, entitled to uncover certain facts related to the legitimacy of the investigation, as the investigation resulted in the compilation of the potentially exempt documents.

A split of authority exists, however, concerning the permissible scope of a party's discovery pursuant to the FOIA.[2] *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 1004–05, 85 L.Ed. 1429 (1941); *Weisberg v. Department of Justice*, 627 F.2d 365 (D.C.Cir.1980); *Schaffer v. Kissinger*, 505 F.2d 389 (D.C.Cir.1974); *Exxon Corp. v. Federal Trade Comm'n*, 384 F.Supp. 755 (D.C.D.C.1974). *Contra Church of Scientology, Int'l v. Internal Revenue Service*, No. CV 89–4504–CBM (Tx) (U.S.D.C.C.D.Cal.), F.S. No. 90–481 (D.C.D.C.1990) (Docket Entry # 18, Exhibit A; B) (denying request that the court prohibit inquiry "into the agency's thought process in deciding whether to assert a particular exemption").

### C. *Owen's Position in the I.R.S. as a Bar to his Deposition*

Mr. Owens is the Director of Exempt Organizations Technical Division, National Office of the I.R.S. Mr. Owens occupies a Senior Executive, Level 4 position and is responsible for the management of the Exempt Organizations Technical Division. (Docket Entry # 16, p. 4).

In general, heads of agencies and other top government executives are normally not subject to depositions. *See Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586–87 (D.C.Cir.1985) (oral deposition of officials not countenanced); *Peoples v. United States Department of Agriculture*, 427 F.2d 561, 567 (D.C.Cir.1970) (supplemental opinion) (court has discretion to assure that discovery will not unduly burden government officials); *Kyle Engineering Co. v.*

*Kleppe*, 600 F.2d 226, 231 (9th Cir.1979) (heads of government agencies not generally subject to deposition). The rationale pursuant to this policy is that such officials must be free to conduct their jobs without the constant interference of the discovery process. *United States v. Miracle Recreation Equipment Co.*, 118 F.R.D. 100, 104 (S.D.Iowa 1987); *see Community Federal Savings and Loan Ass'n v. Federal Home Loan Bank Board*, 96 F.R.D. 619, 621 (D.C.D.C.1983) (deposition of agency official permitted only when official has relevant first-hand knowledge of matters not available from another source); *Capitol Vending Co. v. Baker*, 36 F.R.D. 45, 46 (D.C.D.C.1964) (oppressive to require government official to submit to interrogation that would disturb government business).

An exception to this general rule exists concerning top officials who have direct personal factual information pertaining to material issues in an action. *American Broadcasting Companies, Inc. v. United States Information Agency*, 599 F.Supp. 765, 769 (D.C.D.C.1984).

A top government official may, however, only be deposed upon a showing that the information to be gained from such a deposition is not available through any other source. *Community Federal Savings and Loan Ass'n v. Federal Home Loan Bank Board*, 96 F.R.D. 619, 621 (D.C.D.C.1983); *American Broadcasting Companies, Inc. v. United States Information Agency*, 599 F.Supp. 765, 769 (D.C.D.C.1984); *Union Savings Bank v. Saxon*, 209 F.Supp. 319 (D.C.D.C.1962) (deposition may be permitted where action personal to deponent); *United States v. Miracle Recreation Equipment Co.*, 118 F.R.D. 100, 105 (S.D.Iowa 1987) (evidence sought must not be available through some other less burdensome source). In the case at hand, plaintiff makes broad statements that Mr. Owens is "an indispensable witness." Other than these general assertions, plaintiff makes no showing that such information is otherwise unavailable. Plaintiff, therefore,

---

**2.** It is not necessary for this court to assert a further position with respect to the scope of permissible discovery pursuant to the FOIA in light of the discussion below.

has not satisfactorily demonstrated that the information sought cannot be gained through an alternative source.

### CONCLUSION

In light of plaintiff's failure to meet its burden of proving that Mr. Owens, a high official in a government agency, is the sole source of the requested information, Defendant's Motion for Protective Order and/or to Quash Deposition Subpoena is ALLOWED. Plaintiff's request for reasonable fees and costs pursuant to Fed. R.Civ.P. 37(a)(4) is accordingly DENIED.