**TOWER PRESS BUILDING INC., Plaintiff,**

v.

**Michael WHITE, et al., Defendant.**

**No. 94 CV 2347.**

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 9, 1996.

Murray Bilfield, Martin Sandel, Bilfield & Sandel, Cleveland, OH, Robert J. Meyers, Mansfield, OH, for plaintiff.

Malcolm C. Douglas, Barbara Langhenry, Dept. of Law/City of Cleveland, Cleveland, OH, for defendant.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court pursuant to the Plaintiff's Combined Motion for Order Compelling Further Deposition of Defendant Michael White (Doc. 39–1) and For Order Extending Discovery Deadline as to Plaintiff Only (Doc. 39–2). For the reasons that follow, Plaintiff's Motions are DENIED.

### I.

Plaintiff, Tower Press Building, Inc. (hereinafter "Tower Press"), is an Ohio corporation with its principal place of business in Cleveland, Ohio. Tower Press is a small corporation that owns a historical landmark building in downtown Cleveland's near east side. The principals and sole shareholders, officers and directors of Tower Press are Martin L. Sandel, Robert J. Myers and Murray D. Bilfield. All three of these men are attorneys, with Mr. Sandel and Mr. Bilfield being law partners with the firm of Bilfield & Sandel Co., L.P.A.. During 1990, Tower Press, through Mr. Sandel, began to negotiate with Defendant, City of Cleveland, for the sale of real property owned by the City of Cleveland and adjacent to Plaintiff's Tower Press Building. After several years of negotiation the parties were unable to come to an absolute agreement.

In 1994, Tower Press, was cited by the City of Cleveland for various building code violations before the Housing Division of Cleveland Municipal Court. Tower Press moved the Municipal Court to dismiss the violations on speedy trial grounds. On October 3, 1994, the Cleveland Municipal Court granted Tower Press's motion to dismiss.

On November 15, 1994, Tower Press filed the herein action under 42 U.S.C. § 1983 claiming violations of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The complaint also includes claims against Defendants for selective prosecution, malicious prosecution, abuse of process, illegal appropriation, breach of contract and promissory estoppel, and equitable estoppel arising out of Plaintiff's proposed development of an office tower on the

site of the Tower Press property owned by Plaintiff, Tower Press. By way of complaint, Tower Press alleges that the Mayor of the City of Cleveland, Michael White, along with several members of his administration, several members of the City of Cleveland Law Department and other agents of the City of Cleveland acted under color of state law in a conspiracy to deprive Plaintiff of its' property. It is Plaintiff's contention that the City of Cleveland Law Department, under the direction of Director of Law, Sharon Sobol Jordan, singled out Plaintiff for prosecution and selectively prosecuted Plaintiff in the Housing Division of Cleveland Municipal Court.

This matter was originally assigned, by random draw, to the docket of Judge Paul R. Matia. Under the supervision of Judge Matia, the parties entered into preliminary discovery. On May 2, 1995, Judge Matia granted Plaintiff's Motion to Compel Defendant, Mayor Michael White, to attend deposition. By marginal entry order, Judge Matia limited the deposition of Mayor White to one hour. (Doc. 12). Thereafter, in the presence of counsel for both parties, the deposition of Mayor White was taken on June 26, 1995. On July 18, 1995, pursuant to the protocol adopted by the judges of this court for the creation of a docket for Judge Donald C. Nugent, the present matter was transferred to the docket of Judge Donald C. Nugent.

## II.

Presently before this Court is Plaintiff's Combined Motion for Order Compelling Further Deposition of Defendant Michael White (Doc. 39–1) and For Order Extending Discovery Deadline as to Plaintiff Only (Doc. 39–2) which was filed on July 18, 1995. Plaintiff's present Motion is brought pursuant to FED.R.CIV.P. 26(b)(2) which provides, in pertinent part, as follows:

"[T]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is it obtainable from some other source that is more convenient, less burdensome, or less

expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense, of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

In addition, FED.R.CIV.P. 30(d)(2) provides, in pertinent part, as follows:

(2) By order or local rule, the court may limit the time permitted for the conduct of a deposition, but shall allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another party impedes or delays the examination.

### A.

The present Motion requests this Court to allow the Plaintiff more time to take the deposition testimony of Michael White, the Mayor of the City of Cleveland. Plaintiff contends that the deposition of Mayor White should be extended by this court for several reasons. First, on June 21, 1995, five days prior to the deposition of Mayor White, Defendant's counsel sent Plaintiff's counsel numerous pages of documents and notes. In addition, on June 23, 1995, Defendant's counsel again hand delivered more documents to Plaintiff's counsel. Plaintiff argues that this action by Defendant's counsel caused Plaintiff to be unable to question Mayor White in regard to the majority of the documents. Second, Plaintiff contends that Mayor White was "able to stall and evade answering questions with the knowledge that Plaintiff only had an hour in which to take his deposition." Plaintiff contends that the Mayor's evasiveness is "patently obvious" and "unfair" to the Plaintiff.

Upon these facts, Plaintiff moves this Court for an order pursuant to FED.R.CIV.P. 37 ordering Mayor White to submit to further deposition before a United States Magistrate Judge. In addition, Plaintiff moves this Court for an order extending the discov-

ery deadline for 30 (thirty) days following the additional deposition of Mayor White.

## B.

Although the Sixth Circuit has not spoken on the matter, other Circuits have held that heads of government agencies should not be subject to routine deposition. *See Peoples v. United States Dept. of Agriculture,* 427 F.2d 561, 567 (D.C.Cir.1970); *Kyle Engineering Co. v. Kleppe,* 600 F.2d 226, 231 (9th Cir. 1979). Relying on its discretion and its duty to protect litigants under FED.R.CIV.P. 26, *supra,* the court must weigh the necessity for further deposition testimony of Mayor White as shown by Plaintiff. In order for this Court to compel Mayor White to undergo further deposition, it is necessary for Plaintiff to show that the Mayor has some particular individualized knowledge that Plaintiff can only glean from the Mayor. *See Church of Scientology of Boston v. I.R.S.,* 138 F.R.D. 9, 12 (D.Mass.1990); *American Broadcasting Companies, Inc. v. United States Information Agency,* 599 F.Supp. 765, 769 (D.D.C. 1984). This Court finds that the one-hour time limitation of Mayor White imposed by Judge Matia was a reasonable limitation in order to protect the Mayor from the possibility of unduly burdening the Chief Executive of the City of Cleveland.

A review of the deposition testimony shows that Plaintiff had ample opportunity to question Mayor White regarding the allegations set forth in its complaint. In addition, this Court does not agree with Plaintiff that Mayor White "impeded or delayed" the deposition in such a manner to warrant additional time pursuant to FED.R.CIV.P. 30(d)(2), *supra.* Plaintiff has failed to set forth sufficient reasons for this Court to compel the continuation of the deposition of Mayor White. Short of its broad allegations, Plaintiff has failed to show that Mayor White is the only person with the information it requests. Moreover, since the taking of Mayor White's deposition, the Plaintiff has had ample opportunity to depose various attorneys with the Law Department of the City of Cleveland, as well as other officials within the City of Cleveland.

## III.

Upon a thorough review of the transcript of Mayor Michael White taken on June 26, 1995, as well as the briefs submitted by both parties, this Court finds no reason to compel further deposition of Mayor White. Furthermore, this Court finds that the parties have had sufficient time to enter into the necessary discovery for this case.

THEREFORE, for the aforementioned reasons, Plaintiff's Motion for Order Compelling Further Deposition of Defendant Michael White (Doc. 39–1) and For Order Extending Discovery Deadline as to Plaintiff Only (Doc. 39–2) is **DENIED.**

IT IS SO ORDERED.