SUPERIOR COURT 
 
 COMMONWEALTH OF MASSACHUSETTS Plaintiff vs. TOWN SPORTS INTERNATIONAL, LLC, 1 & others 2 Defendants

 
 Docket:
 Civil No. 20-2713 BLS1
 
 
 Dates:
 February 8, 2023
 
 
 Present:
 Peter B. Krupp Justice of the Superior Court
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM AND ORDER ON PATRICK WALSH’S MOTION TO COMPEL DEPOSITIONS OF MAURA HEALEY AND MAX WEINSTEIN
 
 

             Defendant Patrick Walsh (“Walsh”) moves for leave to take short depositions of former Attorney General, now Governor, Maura Healey (“Healey”), and the former Chief of the Attorney General’s Consumer Protection Division, Max Weinstein (“Weinstein”). After hearing, for the following reasons the motion is denied.
BACKGROUND
            According to the Complaint, in or around March 2020, when the COVID-19 pandemic hit, Town Sports International, LLC (“TSI”) owned 31 health clubs in Massachusetts and operated them under the name Boston Sports Club (“BSC”). On March 16, 2020, TSI closed its health clubs in response to the pandemic, and did not reopen them until July 2020, when Massachusetts health guidelines authorized health clubs to reopen at a reduced capacity. According to the Commonwealth, hundreds of consumers canceled, or tried to cancel, their
 
-------------------------------------
 
            [1]Doing business as Boston Sports Club.
 
[2]Town Sports International Holdings, Inc., New TSI Holdings Inc. d/b/a Boston Sports Club, V Fitness Group, LLC, One Fitness Group, LLC d/b/a Work Out World, Patrick Walsh, and Michael Poirier.
 
                                                            -1-
 
memberships in BSC, and halted, or tried to halt, TSI’s monthly charges for membership fees. TSI allegedly did not honor many of these cancellations and continued to charge membership fees to consumers’ credit cards on file.
            On November 24, 2020, the Commonwealth sued TSI for “injunctive relief, civil penalties, and other relief” under G.L. c. 93A, § 2, and G.L. c. 93, § 82, alleging “unfair or deceptive acts or practices,” including TSI’s failure “to honor consumers’ cancellation requests after its health club substantially changed operations beginning in March 2020.” On December 31, 2020, the Commonwealth amended its complaint to name Walsh as a defendant.
            At issue in the case, including in determining the amount of any civil penalties assessed, is the question of whether TSI and its principal, Walsh, acted in bad faith and with deceptive practices and purposes. See, e.g., G.L. c. 93, §§ 82 (“buyer may cancel if . . . the health club services or facilities are not available to the buyer because the seller . . . substantially changes the operation of the health club or location [and] . . . [a]ll monies paid by the buyer . . . shall be refunded . . . within fifteen days of the seller’s receipt of such notice of cancellation”); 84(8) (failure to comply with § 82 is an unfair and deceptive trade practice under G.L. c. 93A); G.L. c. 93A, § 4 (Attorney General may recover civil penalties). In determining a reasonable penalty, the court may consider, among other things, “the good or bad faith of the defendants.” Commonwealth v. F all River Motor Sales, Inc., 409 Mass. 302, 311 (1991). See also Commonwealth v. Keramaris, 87 Mass. App. Ct. 1104, 2015 WL 405779 at * 3 (Feb. 2, 2015) (Rule 1:28 decision); Commonwealth v. AmCan Enterprises, Inc., 47 Mass. App. Ct. 330, 338 (1999).
            Bearing on the issue of whether defendants were acting in good faith, Walsh contends that, soon after the COVID-19 pandemic began, he had direct, one-on-one communications with
 
                                                            -2-
 
Healey, and direct communications with Weinstein (including, at various times, with Healey on the call), about the steps TSI should take to address consumer complaints. These allegations are supported by text messages and emails from early April 2020 involving Walsh, Healey, and Weinstein, including text messages directly between Walsh and Healey. The text messages and emails do not fully memorialize the substance of their oral communications. Walsh contends that his communications with Healey and Weinstein demonstrate his and TSI’s good faith efforts to work with the Attorney General’s Office to resolve consumer complaints fairly at an unprecedented economic time brought on by the pandemic.
            In April 2022, Walsh noticed the deposition of the Commonwealth, and sought to take the deposition of Healey and Weinstein. The Commonwealth moved for a protective order against having to produce Healey and Weinstein for a deposition. On July 1, 2022, I allowed the protective order “insofar as Mr. Walsh shall first attempt to obtain any relevant information thru written discovery.” I ruled that “[n]o deposition shall be conducted of the Attorney General, Mr. Weinstein, or the AGO other than with Court approval on motion demonstrating good cause for a deposition of limited scope.” See Endorsement on Docket #44 (July 1, 2022).
            In response to this ruling, Walsh tried propounding written discovery to the Commonwealth. While the Commonwealth admitted, among other things, that Healey and Walsh had a phone conversation, the Commonwealth responded with many objections and without substantively describing the content of the relevant communications.
            Now, pursuant to the Court’s earlier ruling, Walsh again seeks leave to depose Healey and Weinstein on the substance of their conversations, particularly Walsh’s level of cooperation with the Attorney General’s Office and the views expressed by the Attorney General about steps TSI should take to address consumer complaints and membership cancellations. In so doing,
 
                                                            -3-
 
Walsh appends the text and email chains between him, Healey, and Weinstein. Notably, however, Walsh has not submitted an affidavit laying out what he says he discussed with Healey and Weinstein and why it would matter to his defense in this case.[3]
            At argument on February 7, 2023, Walsh clarified that he is only seeking to question Healey and Weinstein about the subject of his conversations with them between April 2 and April 10, 2020. Also at argument, perhaps to dissipate the force of Walsh’s motion, the Commonwealth stipulated that Walsh and TSI were acting in good faith between April 2 and April 10, 2020, and that the notices and agreements memorialized in Walsh’s email to Weinstein at 8:14 p.m. on April 9, 2020,4 were satisfactory to the Attorney General’s Office.
DISCUSSION
            “Parties may obtain discovery by . . . depositions upon oral examination Unless the court orders otherwise, or unless otherwise provided in these rules, the frequency of use of these methods is not limited.” Mass. R. Civ. P. 26(a). A deposition may be used “for the purpose of discovery or for use as evidence; and [ ] the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.” Hickman v. T aylor, 329 U.S. 495, 503 (1947). These discovery rules are “to be accorded a broad and liberal treatment.” Id. at 507. “Nothing could be more general in its applicability than a rule that requires all persons to testify at a deposition in the absence of a constitutional, statutory, or common law privilege.” In re Roche, 381 Mass. 624, 634 (1980).
 
-------------------------------------
 
[3]At oral argument I raised the glaring absence of an affidavit from Walsh, who presumably knows what he discussed with Healey and Weinstein. Defense counsel did not request leave to secure such an affidavit.
 
[4]See Defendant Patrick Walsh’s Memorandum of Law in Support of Motion to Compel Limited Scope Deposition of Maura Healey and Max Weinstein, Exhibit G (Docket #65).
 
                                                            -4-
 
            The Commonwealth contends, among other things, that forcing Healey or Weinstein to attend a deposition would be unduly burdensome. To evaluate such a claim, the court looks to see if the information is duplicative and “whether the likely burden or expense of the proposed discovery outweighs the likely benefit of its receipt, taking into account the parties’ relative access to the information, . . . the importance of the issues, and the importance of the requested discovery in resolving the issues.” Mass. R. Civ. P. 26(c).
            Moreover, the Commonwealth asserts that neither Healey, nor Weinstein, should be compelled to testify because they served in senior positions in the Attorney General’s Office, and because Healey is now Governor. Generally, high ranking government officials like a governor “are normally not subject to depositions.” Nagle v. Superior Court, 28 Cal. App. 4th 1465, 1468 (1994). However, “top officials who have direct personal factual information pertaining to material issues in an action” may be compelled to give a deposition, but only on “a showing that the information to be gained from such a deposition is not available through any other source.” Id., quoting C hurch of Scientology of Boston v. Internal Revenue Service, 138 F.R.D. 9, 12-13 (D. Mass. 1990).
            For policy reasons, courts will generally protect high government officials from a burdensome number of depositions which would limit their abilities to perform their jobs. Brennan v. Philadelphia, 388 F. Supp. 3d 516, 520 (E.D. Pa. 2019). In this context, a party seeking to depose a high-ranking official is generally required to demonstrate, at a minimum, that the deposition (1) “is likely to lead to the discovery of admissible evidence,” (2) “is essential to that party’s case,” and (3) “that this evidence is not available through any alternative source or less burdensome means.” Id., quoting H ankins v. Philadelphia, 1996 WL 524334 at * 1 (E.D. Pa. Sept. 12, 1996). See also, e.g., McNamee v. Massachusetts, 2013 WL 1285483 at * 2 (D. Mass.
 
                                                            -5-
 
Mar. 25, 2013) (Hillman, J.) (“subpoena should be granted where the government official has personal knowledge of the underlying facts and when necessary to ensure fairness to the parties”); U nited States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 322 (D.N.J. 2009) (“[A] party seeking the deposition of a high-ranking government official must show: (1) the official’s testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources.”).
            Walsh has shown that Healey and Weinstein have direct personal information that is relevant to this case. What he has failed to show is any need for the information; that is, he has failed to demonstrate that Healey or Weinstein have any relevant information beyond what the Commonwealth has stipulated. At most for Walsh, the deposition of Healey and/or Weinstein could have supported his position that during his communications with Healey and Weinstein (between April 2 and April 10, 2020), he (Walsh) and TSI were acting in good faith; and that the outcome of those discussions, which are memorialized in Walsh’s email to Weinstein at 8:14 p.m. on April 9, 2020, were acceptable to the Attorney General’s Office. But the Commonwealth has stipulated to these facts.5 Walsh has not demonstrated that Healey or Weinstein has any other information that would be relevant – and certainly nothing that is essential – to any other claim or defense in the case.
 
-------------------------------------
 
            [5]Absent the Commonwealth’s stipulation, the outcome may have been different.
 
                                                            -6-
 
ORDER
            Defendant Patrick Walsh’s Motion to Compel Limited Scope Deposition of Maura Healey and Max Weinstein (Docket #64) is DENIED.
 
 
                                                            -7-
 
xxz