**Frederick P. SCHAFFER, Appellant,**

v.

**Henry A. KISSINGER, Secretary of State, Appellee.**

No. 74–1182.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 24, 1974.

Decided Oct. 10, 1974.

Larry P. Ellsworth, Washington, D. C., with whom Ronald L. Plesser and Alan B. Morrison, Washington, D. C., were on the brief for appellant.

William Kanter, Atty., Dept. of Justice with whom Earl J. Silbert, U. S. Atty., was on the brief for appellee. Thomas G. Wilson, Atty., Dept. of Justice, entered an appearance for appellee.

Before McGOWAN and ROBB, Circuit Judges, and STANLEY A. WEIGEL,* United States District Judge for the Northern District of California.

* Sitting by designation pursuant to 28 U.S.C. Section 292(d).

PER CURIAM:

Plaintiff, Frederick P. Schaffer, appeals from an order of the district court granting summary judgment in favor of defendant, the Secretary of State, in a suit brought under the Freedom of Information Act [FOIA], 5 U.S.C. § 552. We vacate the order and remand for further proceedings in accordance with the following.

On July 28, 1972, appellant, by letter, asked the State Department for access to reports in its possession, prepared by the International Committee of the Red Cross, concerning conditions in prisoner-of-war camps in South Vietnam. The request was denied. Appellant then initiated an action under the FOIA, which provides in part:

> * * * On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo and the burden is on the agency to sustain its action. * * * 5 U.S.C. § 552(a)(3).

Appellee moved for summary judgment. The trial court granted the motion, ruling that the State Department could properly withhold the Red Cross reports on the basis of 5 U.S.C. § 552(b)(1), which provides that an agency may withhold records "specifically required by Executive order to be kept secret in the interest of the national defense or foreign policy." The district court relied upon the affidavits of a State De-

partment official tending to show that the reports were classified "confidential" pursuant to Executive Order 11652, 37 Fed.Reg. 5209, which provides for the classification of material "in the interest of the national defense or foreign relations."

█ The Supreme Court, in Environmental Protection Agency v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973), has construed the national defens^ and foreign policy exemption and has defined the scope of judicial review of an agency's refusal to disclose information on the basis of the § 552(b)(1) exemption. The test to be applied by the district court is "whether the President has determined by Executive Order that particular documents are to be kept secret." *Id.* at 82, 93 S.Ct. at 833. The district court is not free to inquire into "the soundness of executive security classifications . . . ." *Id.* at 84, 93 S.Ct. at 834.

This case raises an issue not reached in *Mink, supra.* The petitioners in *Mink* challenged classification procedures under § 552(b) but did not dispute "the fact of [the] classifications and the documents' characterizations . . . ." 410 U.S. at 84, 93 S.Ct. at 834. Here, appellant questions whether appellee in fact effected a security classification of the Red Cross reports.

In response to appellee's summary judgment motion, and in accord with Rule 56(f), Fed.R.Civ.P.,[1] appellant stated by affidavit that genuine factual issues existed making summary judgment inappropriate, but that without discovery he could not present verified facts to justify his opposition. Appellant contends that not all copies of the Red Cross reports were stamped "confiden-

---

1. (f) *When Affidavits Are Unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

tial", that any document so marked was not stamped in accordance with § 4(B) of Executive Order 11652,[2] that the confidential classification was based on a mistake of law or fact, and that the classification was made in order to avoid disclosure and only after appellant requested the reports.

■■ There may be no judicial examination concerning the reasons and motives for an executive security classification. *Mink, supra.* However, the burden is on the agency to demonstrate to the court that the documents withheld under the claim of the § 552(b)(1) exemption were properly classified pursuant to executive order. In that regard, it was the responsibility of the court below to determine whether the Red Cross reports were in fact classified "confidential" and whether that classification, including the timing thereof, was in accordance with Executive Order 11652 as claimed by appellee.

■ Facts respecting the classification of the reports in question are solely in the control of the State Department. Appellant should be allowed to undertake discovery for the purpose of uncovering facts which might prove his right of access to the documents which he seeks. Rule 56(f), Fed.R.Civ.P.; Washington v. Cameron, 133 U.S.App.D.C. 391, 411 F.2d 705, 710–711 (1969).

The order granting summary judgment is vacated, and the case is remanded to the district court with instructions that appellant be permitted to undertake discovery relevant to whether the reports in question were classified "confidential" and, if so, whether the classification procedures were in accordance with Executive Order 11652.

It is so ordered.

2. (B) *Identification of Classifying Authority.* Unless the Department involved shall have provided some other method of identifying the individual at the highest level that au-

thorized classification in each case, material classified under this order shall indicate on its face the identity of the highest authority authorizing the classification. * * *