**Congressman John M. MURPHY,
Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGA-
TION et al., Defendants.**

Civ. A. No. 80–518.

United States District Court,
District of Columbia.

March 25, 1980.

Michael E. Tigar, Samuel J. Buffone, Tigar & Buffone, Washington, D. C., for plaintiff.

Barbara L. Gordon, Dept. of Justice, Civil Division, Federal Programs Branch, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

FLANNERY, District Judge.

This matter comes before the court on the defendants' motion for a protective order. The defendants urge the court to prohibit the plaintiff from deposing the director of the Federal Bureau of Investigation, or an appropriate authorized agent. For the reasons set forth below, the court will grant the defendants' motion. But the court will entertain a lifting of the Order should factual disputes arise subsequent to the filing of the defendants' dispositive motion.

## BACKGROUND

This is a Freedom of Information Act case. 5 U.S.C. § 552. The plaintiff, a United States congressman, seeks the release of aural and video recordings presently in the custody of the defendants. These materials stem from the defendants' ABSCAM investigation.

The plaintiff filed the instant suit on February 25, 1980. The court, interested in proceeding as quickly as possible, held a status call on March 7, 1980. At the hearing, counsel for the defendants indicated the government's willingness to file a dispositive motion on the day their answer is due, March 26. The court accepted this date as a good-faith effort to expedite disposition of the case. The plaintiff agreed to respond and file his own motion on April 1. The court set a hearing date of April 3, 1980.

The instant dispute arises from the plaintiff's attempt to depose a representative of the FBI. The plaintiff served notice to depose on March 7, and scheduled the deposition for March 27, 1980. The government, seeking a protective order, claims: 1) absent factual issues, no discovery is needed; 2) if discovery is necessary, it should await this court's ruling upon a dispositive motion; and 3) whatever discovery is necessary may be achieved through the use of interrogatories. The plaintiff argues that discovery is needed to prepare his cross-motion. Plaintiff's reply brief at 6–7.

## DISCUSSION

■ It is beyond question that discovery is appropriate and often necessary in a FOIA case. But such discovery is limited to factual disputes. These include whether the agency engaged in a good-faith search for all materials, whether the agency indexed all documents, and whether the agency did, in fact, classify documents it seeks to withhold on national security grounds.

■ Factual disputes as to the adequacy of the agency search and index must be distinguished from the thought processes of the agency in deciding to claim a particular FOIA exemption or to classify a specific document. The latter constitutes predecisional thought processes of agency officials. They are protected from disclosure by *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941).[1] The *Morgan* decision establishes "that those legally responsible for a decision must in fact make it, but that their method of doing so . . . is largely beyond judicial scrutiny." *KFC National Management Corp. v. NLRB*, 497 F.2d 298, 304 (2d Cir. 1974). Hence, *Morgan* and its progeny disallow discovery addressing the thought processes that lead to an exemption claim. *Morgan* fails to preclude, however, an inquiry into whether the government itemized all documents or engaged in a good-faith search to locate all materials requested by the FOIA plaintiff.

■ Whether the instant case warrants discovery is a question of fact that can only be determined after the defendants file their dispositive motion and accompanying affidavits. The plaintiff's notice of deposition is therefore premature. The plaintiff cannot know at this time whether discovery is necessary; he cannot know whether the government's papers and affidavits will suggest an inadequate search or factual discrepancy.

The cases cited by the plaintiff buttress the conclusion that his notice of deposition is premature. For example, in *Schaffer v. Kissinger*, 505 F.2d 389 (D.C.Cir.1974) (per curiam), the plaintiff questioned whether the defendant agency effectuated a security classification for withheld documents. The plaintiff thus presented a factual dispute: were the documents at issue, in fact, marked "confidential?" This is the type of question in which, "without discovery he could not present verified facts to justify his opposition." *Id.* at 390. But this issue arose

---

1. Exemption (b)(5) of the FOIA protects from disclosure predecisional thought processes re-

duced to writing. 5 U.S.C. § 552(b)(5).

only after the State Department filed its affidavits and represented that the withheld reports constituted classified documents.

Similarly, in *Weisburg v. Department of Justice*, 543 F.2d 308 (D.C.Cir.1976), the plaintiff sought investigatory data relating to the assassination of President Kennedy. After the government furnished data to the plaintiff, it claimed the case was moot. It alleged it had turned over all information relevant to the plaintiff's FOIA request. The district court agreed and dismissed the case on mootness grounds. This Circuit Court of Appeals, however, found that factual questions remained over whether the FBI did, in fact, hand over all data requested in the FOIA petition. It therefore held the plaintiff entitled to use depositions to determine the existence or non-existence of the requested material. The factual dispute in *Weisburg* thus arose after the government responded to the plaintiff's FOIA request. The government's release of the data, along with its affidavits claiming complete compliance with the FOIA request, created the factual dispute that necessitated discovery.

Finally, in *Exxon Corp. v. FTC*, 384 F.Supp. 755 (D.D.C.1974), Exxon sought the production of documents in the possession of the agency. Exxon questioned statements in the Secretary of the Commission's affidavit that alleged a complete search had been made. The district court allowed discovery, through interrogatories, to test the veracity of these statements. The interrogatories further inquired into the adequacy and completeness of the document search. *Id.* at 758–59. Like the *Schaffer* and *Weisburg* cases, the factual issue in *Exxon* arose only after the government agency submitted its responsive papers.

■ These cases uniformly establish that discovery may proceed in a FOIA controversy when a factual issue arises concerning the adequacy or completeness of the government search and index. But they further establish a self-evident principle: a factual issue that is properly the subject of discovery can arise only after the govern-

ment files its affidavits and supporting memorandum of law.

In the instant case, the government has yet to file its affidavits. The plaintiff therefore cannot possess the prescience to predict whether a factual issue will emerge. This court likewise cannot prejudge the government's response; to deny the government's motion for a protective order would require an expectation that the government answer will raise factual issues. This we cannot do.

## PROCEDURES AFTER GOVERNMENT RESPONSE

■ Once the government files its answer, the plaintiff may again seek discovery if, in good faith, he finds that it creates issues of fact. As with all other matters in this case, the court will rule as expeditiously as possible.

■ Assuming, *arguendo*, that the plaintiff requests lifting the protective order, the standards for adjudicating the discovery request are clear. If the government affidavits satisfy the court that the search was adequate and complete, then the court may deny discovery. *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978). In *Goland*, the affidavit on its face indicated that the defendant agency effectuated a complete search. "For this reason, the district court's grant of a summary judgment without discovery was within its discretion." *Id.* at 355. If, however, the record demonstrates a factual dispute as to the adequacy of search or completeness of the index, discovery may ensue. *Association of National Advertisers v. FTC*, CCH 1976–1 Trade Cas. ¶ 60835 (D.D.C.1976) at 68,644.

## CONCLUSION

■ Case law establishes that discovery is appropriate in FOIA cases to resolve factual disputes. A factual issue, however, cannot arise until after the government files its response. The court therefore grants the defendants' motion for a protective order. The order is to remain in effect until further notice. Should the affidavits

**1138**

filed by the defendants create a factual issue that is properly the subject of discovery, the court would then look favorably upon a motion to lift the order[2] and to proceed with discovery through deposition.[3] Until such time, the plaintiff's attempt to depose can only be viewed as premature.

Therefore, in accordance with the foregoing, it is, by the court, this 25th day of March, 1980,

ORDERED that the defendants' motion for a protective order be, and the same hereby is, granted.

2. If this occurs, it may require rescheduling. The court would take every step possible to ensure a minimal delay in setting a new hearing date.

3. Where, as here, the exigencies of time are paramount, discovery through the use of deposition is appropriate.