[redacted]

**CHURCH OF SCIENTOLOGY OF BOSTON, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 90-11069-N.**

United States District Court, D. Massachusetts.

July 16, 1991.

[redacted]

[redacted]

Earle C. Cooley, Cooley, Manion, Moore & Jones, Boston, Mass., Laurie Bartilson, Bowles & Moxon, Hollywood, Cal., for plaintiff.

Michael J. Martineau, Harry J. Giacometti, U.S. Dept. of Justice, Washington, D.C., for defendant.

ORDER RE: DEFENDANT'S MOTION FOR ORDER STAYING DEPOSITION (DOCKET ENTRY # 57) and DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOCKET ENTRY # 58)

MARIANNE B. BOWLER, United States Magistrate Judge.

The defendant has filed two motions: (1) Motion for Order Staying Deposition (Docket Entry # 57); and (2) Motion For Protective Order (Docket Entry # 58). The defendant, Internal Revenue Service ("IRS"), contends, in support of the motions in question, that further discovery should be stayed until the court rules on the defendant's motion for summary judgment.[1] The defendant claims, further, that the plaintiffs will not have the knowledge necessary to determine the existence of a factual dispute with respect to release of the proper documents until such time as the court rules on the defendant's motion for summary judgment.

The plaintiff opposes the defendant's motions, arguing that further discovery should be allowed. The plaintiff claims, in support of its opposition, that discovery has been ongoing as evidenced by the defen-

1. The IRS argued that it has not yet filed the summary judgment motion in question, because it is still in the process of determining which of the 3000 documents at issue are to be released pursuant to the order of this court dated March 11, 1991. The IRS is, accordingly, Ordered to file its motion for summary judgment on or before October 16, 1991.

dant's production of a *Vaughn* index and the taking of at least one deposition. As such, the plaintiff argues that factual disputes exist with respect to what documents the defendant should be required to produce, and that further discovery is the only means by which the defendant can be required to produce the documents in question.

## DISCUSSION

 Discovery pursuant to the Freedom of Information Act ("FOIA") is limited to certain factual issues, including the scope of the agency's search, its indexing and classification procedures. 5 U.S.C. § 552; *see Murphy v. F.B.I.*, 490 F.Supp. 1134, 1135 (D.D.C.1980) (discussing issue of discovery under FOIA).

■ Numerous courts have held that such factual issues generally arise after a party has filed a motion for summary judgment. *See id.* at 1136 (granting protective order in FOIA action where notice of deposition was premature and government had not prepared answer); *Weisberg v. Department of Justice*, 543 F.2d 308, 310 (D.C.Cir. 1976) (factual dispute arising after government responded to plaintiff's FOIA request). The court in *Murphy* solidified the principle that discovery in FOIA actions is permissible insofar as it concerns a factual issue with respect to the adequacy of the government search and index. *Murphy v. F.B.I.*, 490 F.Supp. at 1137. The *Murphy* court concluded, however, that such factual issues can develop only at a time subsequent to a party's filing of a dispositive motion. *Id.* In fact, courts have consistently allowed discovery where a factual issue came to fruition subsequent to the filing of a summary judgment motion. *See Weisberg v. Department of Justice*, 543 F.2d at 310 (permitting discovery subsequent to consideration of motion for summary judgment); *Schaffer v. Kissinger*, 505 F.2d 389, 391 (D.C.Cir.1974) (allowing discovery as to whether reports were classified subsequent to consideration of motion for summary judgment).

In the present action, the IRS is immersed in the process of determining which documents it believes are protected against release. The IRS has already released numerous documents pursuant to the original FOIA request by the plaintiff, and limited discovery has occurred as a result of the alleged inadequacy of the original search. It is the position of this court, however, that the plaintiff cannot claim the existence of a factual dispute which would necessitate further discovery until such time as the IRS releases or does not release the documents in question and files a dispositive summary judgment motion.

## CONCLUSION

Defendant's Motion for Order Staying Deposition (Docket Entry # 57) and Motion For Protective Order (Docket Entry # 58) are, accordingly, ALLOWED to the extent that no discovery shall be taken until such time as the court reviews the government's motion for summary judgment. In addition, as stated above, the government is Ordered to file its motion for summary judgment on or before October 16, 1991.