**Eyal KATZMAN, Plaintiff,**

v.

**Louis FREEH, Director, Federal Bureau of Investigation, Defendant.**

**No. 92–CV–6055 (JS).**

United States District Court, E.D. New York.

May 15, 1996.

Eyal Katzman, Kew Gardens, pro se.

United States Attorney's Office, Eastern District of New York, by Leslie Brodsky, Brooklyn, NY, for defendant.

*MEMORANDUM AND ORDER*

SEYBERT, District Judge:

This is an action brought by plaintiff Eyal Katzman, proceeding *pro se,* under the Free-

dom of Information Act, 5 U.S.C. § 552 ["FOIA"], to compel the Federal Bureau of Investigation ["FBI"] to furnish certain information that was the subject of a prior administrative information request. Pending before the Court are three separate motions. First, plaintiff moves for "reconsideration" of Chief Magistrate Judge A. Simon Chrein's Memorandum and Order, dated February 3, 1995, denying plaintiff's motion to compel the FBI to answer certain interrogatories. Second, the defendant cross-moves for partial summary judgment with respect to all document requests made by plaintiff concerning an individual named Norman David Mayer. Last, plaintiff moves for appointment of counsel.

## BACKGROUND

On December 23, 1992, plaintiff Eyal Katzman filed a complaint against the FBI under the FOIA seeking the release of documents pertaining to Norman David Mayer [the "Mayer Documents"].[1] Thereafter, on March 11, 1993, the FBI furnished the plaintiff with seven hundred and thirteen Mayer Documents. An additional three hundred and nine Mayer Documents were provided to the plaintiff on July 30, 1993, pursuant to the Supreme Court's decision in *United States Department of Justice v. Landano*, 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993).[2]

On April 23, 1993, plaintiff filed a motion for an order compelling the FBI to produce a *Vaughn* index on the Mayer Documents. A *Vaughn* index is an itemized list of all the documents requested in a FOIA action, which either contains the disclosable document or sets forth a detailed explanation for the exemption claimed by the government as the basis for nondisclosure. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The FBI voluntarily consented, and on or about September 15, 1993, a *Vaughn* index, including approximately 1,200 Mayer Documents, was filed.

On June 20, 1994, plaintiff was granted permission by this Court to amend his complaint to add a request for the release of FBI documents pertaining to himself. A *Vaughn* index on these documents has been filed with this Court and is not the subject of the present motions.

On March 30, 1994, plaintiff moved for an *in camera* inspection of the Mayer Documents that were withheld or redacted, to determine the propriety of exemptions cited by the FBI. On the same date, plaintiff also filed a discovery motion requesting a court order to compel the FBI to answer interrogatories posed by the plaintiff.

On June 20, 1994, this Court referred all pending motions to Chief Magistrate Judge Chrein for his disposition or recommendation. By Memorandum and Order dated February 3, 1995, Magistrate Judge Chrein granted plaintiff's motion for an *in camera* review of all but seven of the Mayer Documents withheld from plaintiff. Magistrate Chrein excluded the seven documents be-

---

**1.** Norman David Mayer was shot to death by police on December 8, 1982, after holding the Washington Monument hostage for 10 hours and threatening to blow it up. Dressed in a helmet and jumpsuit, Mayer drove a van up to the entrance of the monument and told authorities that the van was loaded with 1,000 pounds of dynamite that could be detonated with a remote control device he was holding. During his ten-hour standoff with the police, Mayer demanded that a nationwide dialogue be held on the dangers of nuclear war. When Mayer left the monument and attempted to escape in his van, police officers fired on the van, killing Mayer. Although no explosives subsequently were discovered inside the van, police said that they fired on Mayer to prevent him from becoming a "moving time bomb." *See Facts on File, Weekly World News Digest With Cumulative Index*, Vol. 42, Pt. II (Dec. 10, 1982) (Annexed to Docket # 76).

**2.** In *Landano*, the plaintiff filed a FOIA complaint with the FBI requesting information compiled in connection with the FBI's murder investigation that resulted in his conviction. In response, the FBI redacted some documents and withheld others, claiming that Exemption 7(D) exempted from disclosure documents that "could reasonably be expected to disclose" the identity of a "confidential source." 5 U.S.C. § 552(b)(7)(D). The Supreme Court rejected this contention, holding that the Government was not entitled to a presumption that *all* sources supplying information to the FBI in the course of a criminal investigation are confidential sources within the meaning of Exemption 7(D). The Court held, however, that certain narrowly defined circumstances could provide a basis for inferring confidentiality, depending on the nature of the crime investigated and the witness' relation to it.

cause he found them to be within the statutory exemption regarding unwarranted invasions of personal privacy, 5 U.S.C. § 552(b)(7)(C). With respect to the plaintiff's motion to compel the defendant to answer his interrogatories, the Magistrate Judge determined that plaintiff's discovery motion would not be addressed by the court because plaintiff had not complied with Rule 6(a) of the Standing Orders of the Eastern District of New York.[3] Moreover, the Magistrate Judge stated that any motion seeking to compel the FBI to answer interrogatories relating to the contents of the Mayer Documents would be denied, "because such a request asks for precisely what the defendant is maintaining is exempt from disclosure to the plaintiff." Mem. and Order dated Feb. 3, 1995, at 11. Magistrate Judge Chrein preserved plaintiff's right to object to this order until a review of all the documents was completed and a final report was submitted.

On April 19, 1995, Magistrate Judge Chrein filed a Report and Recommendation in which he concluded that four documents previously withheld from plaintiff could be revealed. The Magistrate Judge also recommended that additional portions of two specific documents, that previously had been partially disclosed, could be made available to plaintiff without redaction. Lastly, the report explicitly provided that the plaintiff could appeal from any order adopting or modifying the Report and Recommendation.

Pursuant to Magistrate Judge Chrein's Report and Recommendation, the FBI released the specified documents to plaintiff on April 25, 1995. By order dated May 15, 1995, this Court adopted Magistrate Judge Chrein's Report and Recommendation without either party having objected to it.

On June 16, 1995, plaintiff filed the present motion for "reconsideration" of Magistrate Judge Chrein's February 3, 1995 Memorandum and Order insofar as it denied his motion for an order compelling the FBI to answer his interrogatories concerning the contents of various withheld documents. Defendant FBI has filed a cross-motion for partial summary judgment with respect to the Mayer Documents. According to the defendant, partial summary judgment is appropriate because the plaintiff has received all of the Mayer Documents to which he is entitled under the FOIA.

## DISCUSSION

**I. Plaintiff's Motion for Reconsideration of Chief Magistrate Judge Chrein's Memorandum and Order dated February 3, 1995**

■ On June 16, 1995, plaintiff moved this Court to reconsider Chief Magistrate Judge Chrein's discovery order, as set forth in his Memorandum and Order dated February 3, 1995, which, among other things, denied plaintiff's discovery request for failure to comply with Rule 6(a) of the Standing Orders of the Eastern District. The plaintiff contends that he has since complied with this requirement by conferring with defendant's attorney, and now assails the merits of the Magistrate Judge's determination that he was not entitled to an order compelling the FBI to answer his interrogatories concerning the contents of certain documents that were withheld from him.

Even assuming that plaintiff's motion were timely, this Court expressly finds that plaintiff's motion must be denied in its entirety. Because plaintiff's interrogatories seek information that relates substantially to the contents of withheld documents, the Court concurs with Magistrate Judge Chrein's conclusion that the plaintiff has requested information that is exempt from disclosure. *See Pollard v. FBI,* 705 F.2d 1151, 1154 (9th Cir.1983) (Trial court did not abuse discretion by refusing to permit plaintiff to depose FBI agent in FOIA action because the questions were directed to the contents of exempted documents.); *see also Military Audit Project v. Casey,* 656 F.2d 724, 750–51 (D.C.Cir.1981); *Goland v. CIA,* 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).

■ Generally, discovery in a FOIA action is extremely limited, and is permissible

---

3. Rule 6(a) of the Standing Orders of the Eastern District of New York requires parties to discovery disputes to confer in good faith prior to seeking a judicial resolution.

only with regard to the scope of the agency's search, its indexing and classification procedures, and other related factual matters. *See Church of Scientology v. IRS,* 137 F.R.D. 201, 202 (D.Mass.1991); *Murphy v. FBI,* 490 F.Supp. 1134, 1136 (D.D.C.1980). Furthermore, curtailment of discovery is particularly appropriate where the court makes an *in camera* inspection. *See Laborers' Int'l Union v. U.S. Dep't of Justice,* 772 F.2d 919, 921 (D.C.Cir.1984). In the present case, the Mayer Documents have been subjected to two levels of review (i.e., a *Vaughn* index and an *in camera* review), and the documents that have been withheld or redacted have been deemed to be proper by this Court. Therefore, no further discovery on these matters is appropriate. Thus, plaintiff's motion for reconsideration of Magistrate Judge Chrein's Memorandum and Order dated February 3, 1995 is denied in its entirety.

## II. Defendant's Cross–Motion for Partial Summary Judgment with respect to the Mayer Documents

 In evaluating whether to grant a motion for summary judgment in a FOIA action, a district court must review the facts in a light most favorable to the requester of information. *See Becker v. IRS,* 34 F.3d 398, 405 (7th Cir.1994). The agency bears the burden to establish that the materials sought have not been improperly withheld. *See United States Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 n. 3, 109 S.Ct. 2841, 2847 n. 3, 106 L.Ed.2d 112 (1989). Where, as in the instant case, the plaintiff alleges that the agency has improperly withheld documents through its failure to locate them, the agency's burden is to establish that it conducted an adequate search that failed to produce the requested records. *See Perry v. Block,* 684 F.2d 121, 127 (D.C.Cir.1982); *Katzman v. CIA,* 903 F.Supp. 434, 437 (E.D.N.Y.1995).

 In the present case, the FBI is unable to meet its burden of proving that it conducted an adequate search because the FBI's own affidavits suggest that it may have conducted a search, using the wrong file number, for those Mayer Documents located at the New York field office. Specifically, Robert Moran, Special Agent for the FBI, testified in his first affidavit that "New York Field Office ["NYFO"] file 52–12826 is on special locate in the NYFO and will be processed and released to the plaintiff when located." In his second affidavit, however, Moran states that "[o]n February 16, 1994, the NYFO advised that main file 52–12926 has not been located and continues to be on special locate." This variance in the two file numbers referred to by the agent (12826 as opposed to 12926) supports an inference that the FBI has been searching for a different file number than that which pertains to the plaintiff's information request. Therefore, because a genuine issue of fact exists concerning whether the agency has conducted its search using the correct file number, defendant's motion for partial summary judgment must be denied.

The entry of partial summary judgment moreover is precluded because three outstanding documents may exist which have not yet been provided to the plaintiff. Specifically, the plaintiff has demonstrated that a diagram and a photograph of Norman Mayer's wounds were mentioned in a medical report released to the plaintiff. These items, however, were not attached to that report. In addition, a second medical report on Norman Mayer indicates that a toxicology report was conducted on him. Again, the referenced report has not been attached to the document released to the plaintiff. The defendant does not assert that these three documents are exempt from disclosure to the plaintiff; nevertheless, to date, they have not been released. Thus, until defendant releases these documents or demonstrates that they either are exempt from disclosure or cannot be located, defendant is not entitled to partial summary judgment.

## III. Plaintiff's Application for Appointment of Counsel

Finally, plaintiff moves the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(d).

 Under 28 U.S.C. § 1915(d), a federal district court "may request an attorney to represent [an indigent person] unable to employ counsel." *Id.* In determining whether

to exercise such discretion, a court must first ascertain "whether the indigent's position [is] likely to be of substance." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989). If the claim meets this threshold requirement, the court should then consider other criteria. These secondary criteria include "[1] plaintiff's ability to obtain representation independently, [2] his ability to handle the case without assistance in the light of the required factual investigation, [3] the complexity of the legal issues, and [4] the need for expertly conducted cross-examination to test veracity." *Id.* Noting that volunteer lawyer time is a precious commodity that should not be allocated arbitrarily, the Second Circuit Court of Appeals requires district courts to scrutinize carefully requests for appointment of counsel, and not grant such applications indiscriminately. *See id.*

■ The Court has reviewed plaintiff's application and finds that the appointment of counsel is not warranted in this case. Although plaintiff's FOIA action is one of substance, plaintiff has manifestly demonstrated, through his submissions to the Court, that he is quite capable of handling this case without the assistance of counsel. Moreover, because a FOIA action is essentially resolved on the basis of documents, it will not be necessary to cross-examine any witnesses. Further, plaintiff has informed the Court that he is now completing his first year of law school, and consequently has access to legal materials and resources, as well as the input of law professors. Therefore, in light of plaintiff's demonstrated aptitude in litigating this action, plaintiff's application is denied.

### CONCLUSION

For the foregoing reasons, the Court rules as follows:

(1) Plaintiff's motion for reconsideration of Chief Magistrate Judge Chrein's Memorandum and Order dated February 3, 1995 is DENIED in its entirety.

(2) Defendant's cross-motion for partial summary judgment with respect to the Mayer Documents is DENIED pending disclosure, or resolution, of the inconsistencies and omissions addressed by the Court herein.

(3) Plaintiff's application for appointment of counsel is DENIED.

SO ORDERED.