## The BUREAU OF NATIONAL AFFAIRS, INC., Plaintiff,

v.

## INTERNAL REVENUE SERVICE, et al., Defendants.

### Civil Action Nos. 96–376, 96–2820 and 98–1473.

United States District Court, District of Columbia.

Oct. 16, 1998.

---

Roger Campbell Spaeder, Eleanor H. Smith, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, L.L.P., Washington, DC, for Plaintiff.

Michael Joseph Salem, U.S. Dept. of Justice, Tax Div., Washington, DC, for Defendants.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

These Freedom of Information ("FOIA") cases are before me for discovery disputes.

Plaintiff, Bureau of National Affairs ("BNA"), a political and governmental news and information publication, seeks disclosure of Advanced Pricing Agreements ("APAs") issued by the defendant Internal Revenue Service ("IRS"). BNA relies upon both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., and Section 6110 of the tax code which provides for public inspection of "written determinations" of the IRS, 26 U.S.C. § 6110 (1994) ("Section 6110"). Advanced Pricing Agreements are advance decisions by the IRS on the tax treatment of individual transactions involving the transfer of goods and services between different subsidiaries or components of the same corporation.

Defendants refused to disclose these APA's and claimed exemptions under FOIA. Defendants then engaged in a significant amount of written discovery with plaintiff. Upon the filing of plaintiff's second request including document requests, interrogatories and requests for admissions, defendants filed a motion for a protective order. Plaintiff filed a motion to compel and defendants have since filed two additional motions for protective orders in response to further requests by plaintiff. In light of the significant discovery and disputes which have taken place, this is not a typical FOIA action.

In the typical FOIA case, the defending government agency seeks a substantial enlargement of time within which to answer the complaint. *See Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir.1976). Then typically, having secured the enlargement of time, the government, invariably moves for summary judgment, filing a *Vaughn*[1] index as the cen-

---

**1.** *See Vaughn v. Rosen*, 484 F.2d 820, 826–828 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

terpiece of its motion. The *Vaughn* index, in declaration form, is a justification by the agency of its refusal to provide the documents requested. It explains why one of the FOIA exemptions applies to a document and justifies the refusal of the agency to produce the document in whole or in part. If, as is often the case, portions of the document have been released, the expurgated document is attached to the *Vaughn* index.

Once the motion for summary judgment is filed, accompanied by the *Vaughn* index, the agency can be expected to resist any discovery on the grounds that there being no genuine issue of material fact renders discovery unnecessary and impermissible. It is in this context that the courts have, in a given case, concluded that discovery in a FOIA case is restricted and should be permitted only if limited to, for example, the scope of the agency's search for documents. *See e.g., Weisberg v. U.S. Department of Justice*, 627 F.2d 365, 371 (D.C.Cir.1980); Department of Justice, *Freedom of Information Act Guide & Privacy Act Overview* at 480 (1996).

 It is equally true, however, that FOIA actions are not exempted from the discovery provisions of the Federal Rules of Civil Procedure and the scope of the discovery permitted in such actions lies in the court's discretion. *Meeropol v. Meese*, 790 F.2d 942, 960–961 (D.C.Cir.1986). *See also Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C.Cir.1978)(acknowledging discretionary power to terminate discovery if agency *Vaughn* affidavits are sufficient ). In a given case, it might be the most appropriate exercise of that discretion to postpone discovery until the agency has filed its *Vaughn* declaration and motion for summary judgment. *See e.g., Military Audit Project v. Casey*, 656 F.2d 724, 750 (D.C.Cir.1981).

 This case, however, has proceeded in a most unusual manner, perhaps because the agency involved is not represented by the section of the Department of Justice which ordinarily handles such cases and literally "wrote the book" about them, i.e., the manual to which I referred above. First, the agency permitted its opponent to engage in discov-ery without seeking a protective order, forfeiting the argument that discovery should be postponed until after the agency had moved for summary judgment and the court has resolved it. Second, the agency never filed a *Vaughn* index; oddly, it takes the position that it is not obliged to file one. Finally, having permitted some discovery, the agency, like the horse at the steeplechase gate, will not go a step further. It has demanded three protective orders against any further discovery.

The agency's position is difficult to comprehend. If it takes the position that no discovery is necessary, and that the documents at issue are exempt from disclosure under FOIA, then why has it not filed its motion for summary judgment and *Vaughn* index so that the validity of its assertion that the documents are exempt can be tested in the manner in which such claims have traditionally been tested by this court? If that is so, how will the court resolve the question of whether or not the agency has claimed the exemptions properly without accepting the agency's assertion on faith? Is it taking the position that it is obliged to produce neither a *Vaughn* index nor permit discovery? Can it have it both ways?

 My dissatisfaction with the agency's approach compels me to want to channel this case back within more traditional banks where there will be controlling precedent to guide me. I would be tempted therefore to order the agency to either produce the documents in their entirety to the plaintiff or file a *Vaughn* index and motion for summary judgment. There has been, however, a most significant development which suggests that there may be an even faster solution. The decision of the Court of Appeals in *Tax Analysts v. Internal Revenue Service*, 117 F.3d 607 (D.C.Cir.1997), rendered while this case has been pending, casts a most significant light on whether the documents in this case are exempt under FOIA. For example, in that case, the Circuit Court of Appeals rejected the claims of deliberative process, "return information," and attorney client privilege the IRS asserted there as to docu-

ments which are similar to APA's in the sense that they involved the application of a section of the Internal Revenue Code to a given set of facts and a resulting legal analysis and conclusion. While it remains to be seen whether *Tax Analysts* has a dispositive effect on this case, the relatively small number of documents at issue have led me to conclude that I should examine them myself immediately and then determine whether to permit the parties to brief the issues that result from my examination. I will therefore order the agency to deliver the documents to me *in camera*. In the meanwhile, I will deny all the discovery motions the parties have filed without prejudice. *Laborer's International Union v. Department of Justice*, 772 F.2d 919, 921 (D.C.Cir.1984) ("Curtailment of discovery in the exercise of the District Court's discretion was appropriate where, as here, the court reasonably determined that an *in camera* examination was required of the sole document being sought by the FOIA requester-litigant in order for the court to make the substantive determination as to the pertinent statutory exemption's applicability."); *Katzman v. Freeh*, 926 F.Supp. 316, 319 (E.D.N.Y.1996).

### ORDER

Upon consideration of *Defendants' Motion for a Protective Order* [# 24] BNA's *Motion to Compel Discovery* [# 25], *Defendants' Second Motion for a Protective Order* [# 33], *Defendants' Third Motion for a Protective Order* [# ] and the oppositions thereto, it is hereby

**ORDERED** that said motions are **DENIED** without prejudice.

It is **FURTHER ORDERED** that the IRS shall deliver to me all documents sought by plaintiff for an *in camera* examination no later than November 2, 1998.

**SO ORDERED.**